■ GIOVANNI LUBRANO, Plaintiff, v. CONTRACTORS SUPPLY CORP. et al., Defendants. ACE HIGH LADDER CO., INC., Third-Party Plaintiff-Respondent; RISSIL CONSTRUCTION ASSOCIATES, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendant.— In an action to recover damages for personal injury, in which defendant Ace High Ladder Co., Inc., interposed a third-party complaint against Rissil Construction Associates, Inc., and another, said Rissil appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County, dated March 11, 1971, as denied its cross motion pursuant to CPLR 3211 (subd. [a], par. 7) to dismiss the third-party complaint on the ground that it fails to state a cause of action. Order reversed insofar as appealed from, on the law, with $10 costs and disbursements; cross motion granted; and third-party complaint as against Rissil Construction Associates, Inc., dismissed, with leave to Ace High Ladder Co., Inc., to serve an amended complaint within 20 days after service upon it of a copy of the order made hereon, with notice of entry. In causes of action for negligence and breach of warranty against third-party plaintiff Ace High Ladder Co., Inc., plaintiff Lubrano alleged he was injured when an extension ladder, which he was using for the purpose for which it had been intended, collapsed. In its third-party complaint against

Lubrano's employer, Rissil Construction Associates, Inc., Ace alleged in substance that the ladder was negligently used by Rissil for a purpose for which it was not intended. If the ladder was so used, Ace breached no warranty pleaded by Lubrano; nor could Ace be held liable in negligence for the injuries sustained by him (Restatement, Torts, 2d, § 388, comment *e*). Hence, having denied any liability on its part for Lubrano's injuries, Ace's third-party complaint as against Rissil is legally insufficient (*Beckerman* v. *Walter J. Munro, Inc.*, 25 A D 2d 448). Rabin, P. J., Hopkins, Munder, Martuscello and Shapiro, JJ., concur.